**JOHN MARTIN MOORE, d/b/a MOORE'S ELECTRIC, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, et al., Defendants**

Civil No. 22-1973

District Court of the Virgin Islands

Div. of St. Croix

January 2, 1974

RUSSELL B. JOHNSON, Christiansted, St. Croix, V.I., *for plaintiff*

VERNE E. HODGE, Attorney General (DOUGLAS GARDNER, of counsel), St. Thomas. V.I., *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

This dispute arose in a form traditionally litigated by interpleader, but because the disputed fund originated in a lawsuit, it has been conducted in ancillary proceedings thereto by way of intervention. The fund in question consists of $32,874.89 recovered by plaintiff Moore from the defendant Virgin Islands Port Authority for contractual

work and now held by the Court.[1] The intervenor, Virgin Islands National Bank, claims this sum is due it pursuant to certain assignments by Moore to it in satisfaction of money owed the bank by Moore. Moore admits the debt but recites counterclaims in still another pending lawsuit which exceed it, and denies the assignments are effective to reach the funds in question here. A hearing was held on November 9, 1973, at which Moore and an officer of the intervenor testified. Certain documents and briefs have also been submitted.

## I. Findings of Fact

The record in this case is indeed a sorry one. The transcript of the hearing is rife with references to documents now allegedly lost, missing, stolen, or destroyed. Neither of the parties claiming the fund appears to have kept adequate records, nor even to fully understand the rather loose financial transactions which they conducted. I do not believe that further proceedings would clarify the situation and therefore I will make what findings of fact I can on the present record.

1. On January 19, 1968, Moore assigned to the bank requisition No. 0073-68 with the VIPA. This contract (or contracts) amounted to $14,925, which sum was part of the recovery by Moore in instant case.

2. On January 22, 1968, Moore made a general assignment of future accounts receivable, etc., to the bank as a "continuing security interest" for such "loans as the bank may from time to time" make to Moore.

3. About May, 1969, Moore was extended a line of credit of $35,000, and his outstanding notes were changed from a time to demand basis shortly thereafter; part of the secu-

---

[1] Not at issue on the pleadings herein is the question whether the VIPA wrongfully paid an additional part of the judgment to Moore, despite notice of a valid assignment thereof.

rity for this line of credit were the assignments mentioned above.

4. Moore now owes the bank sums on his line of credit in excess of the $32,874.89 held by the Court.

———

In his testimony Moore referred obliquely to certain oral and written agreements, or some sort of "special loan agreement," intended to limit or terminate the assignments above. His testimony is largely incoherent and unsupported by any documentary evidence.[2] I cannot on the basis of the very scanty record he has produced make any findings as to oral or written modifications of the assignments by Moore to the bank, but rather must treat them at their face value.

## Conclusions of Law

1. Under the specific assignment of January 19, 1968, the bank is entitled to $14,925 of the judgment obtained by Moore in this lawsuit.

2. Furthermore, under the general assignment of January 22, 1968, the bank is entitled to a sum out of the judgment exceeding the $32,874.89 yet to be paid out.

———

I agree fully with the position of counsel for the bank that the assignments by Moore to the bank are valid ones, on their face, and effective to assign future contracts to the bank. See Restatement of Contracts §§ 154, 166.

---

[2] Moore appears to allege that documentary evidence did exist but has been either lost or destroyed by the bank or lost by my deputy in the course of this litigation. I tend to discount these assertions. As a man of business it is to be expected that Moore would have preserved documents necessary to protect his financial interests and his failure to possess such documents suggests to me that they never existed.

## ORDER

On the premises considered, it is hereby ORDERED, ADJUDGED, and DECREED, that the sum of $32,874.89, paid into the Registry of the Court by VIPA pursuant to my Order of August 10, 1973, be released to the intervenor, Virgin Islands National Bank, and it is further

ORDERED, ADJUDGED, and DECREED, that all parties will bear their own costs.